UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| JERRY FRANKLIN HOOKS, | ) |
| --- | --- |
| Plaintiff, | ) |
| | ) No. 1:11-CV-166 |
| v. | ) |
| | ) Chief Judge Curtis L. Collier |
| MICHAEL J. ASTRUE, | ) |
| Commissioner of Social Security, | ) |
| Defendant. | ) |

**MEMORANDUM**

Plaintiff Jerry Franklin Hooks ("Plaintiff") brought this action on June 23, 2011, seeking judicial review of the final decision of the Commissioner of Social Security ("Defendant") denying Plaintiff a period of disability and Disability Insurance Benefits ("DIB") under 42 U.S.C. §§ 416(I) & 423. The Court referred the matter to United States Magistrate Judge Susan K. Lee, pursuant to 28 U.S.C. § 636(b) and in accordance with Rule 72(b) of the Federal Rules of Civil Procedure for a report and recommendation ("R&R") regarding the disposition of Plaintiff's motion for summary judgment (Court File No. 13) and Defendant's motion for summary judgment (Court File No. 21). The magistrate judge filed an R&R (Court File No. 24) recommending the decision of the Commissioner be affirmed, Plaintiff's motion for summary judgment be denied (Court File No. 13), Defendant's motion for summary judgment be granted (Court File No. 21), and the case be dismissed. Plaintiff timely filed an objection to the R&R (Court File No. 25) and Defendant replied (Court File No. 28). For the following reasons, the Court will **ACCEPT** and **ADOPT** the magistrate judge's R&R (Court File No. 27).

I.     **STANDARD OF REVIEW**

This Court must conduct a de novo review of those portions of the R&R to which objection is made and may accept, reject, or modify, in whole or in part, the magistrate judge's findings or recommendations. 28 U.S.C. § 636(b)(1). The Court's standard of review is essentially the same as the magistrate judge's – review is limited to determining if the Administrative Law Judge's ("ALJ") findings are supported by substantial evidence and if proper legal standards were used. 42 U.S.C. § 405(g); *Brainard v. Sec'y of Health & Human Servs.*, 889 F.2d 679, 681 (6th Cir. 1989) (per curiam). "Substantial evidence" means evidence a reasonable mind might accept to support the conclusion at issue. *Richardson v. Perales*, 402 U.S. 389, 401 (1971). Substantial evidence is greater than a scintilla but less than a preponderance. *Stanley v. Sec'y of Health & Human Servs.*, 39 F.3d 115, 117 (6th Cir. 1994); *Brainard*, 889 F.2d at 681. If supported by substantial evidence, the Court must affirm the ALJ's findings, even if substantial evidence also supports the opposite conclusion. *Jones v. Comm'r of Soc. Sec.*, 336 F.3d 469, 475 (6th Cir. 2003). The substantial evidence standard presupposes there is a zone of choice within which the decision makers can go either way, without interference by the courts. *Felisky v. Bowen*, 35 F.3d 1027 (6th Cir. 1994). The ALJ need not discuss every aspect of the record or explain every finding at length but must "articulate with specificity reasons for the findings and conclusions that he or she makes" to facilitate meaningful judicial review. *Bailey v. Comm'r of Soc. Sec.*, 1999 WL 96920, at *4 (6th Cir. Feb. 2, 1999).

**II.    DISCUSSION**[1]

---

[1]The basic facts in this care are well set out in the R&R, and are essentially uncontested. The Court will not repeat them here.

Plaintiff raises three objections to the magistrate Judge's R&R: 1) the ALJ erred in assessing Plaintiff's mental residual functioning capacity ("RFC"); 2) the ALJ erred in failing to develop the record; and 3) the ALJ erred in applying the Grids. For the following reasons, the Court disagrees with all three objections.

1. **The ALJ did not err in assessing Plaintiff's RFC**

An individual's RFC is his ability to do physical and mental work activities on a sustained basis despite limitations from his impairments (*See* Tr. 11). The ALJ determined Plaintiff had the RFC to perform a full range of light work. Plaintiff asserts the ALJ recognized Plaintiff has severe impairments due to depression and a personality disorder which caused him to be markedly limited in social functioning, but did not impose any mental limitations on his ability to work. Such recognition, Plaintiff claims, is inconsistent with an RFC to perform light work.

However, regardless of whether Plaintiff views this as an "inconsistency," Plaintiff cannot avoid the fact that there is no substantial evidence of his mental status prior to 2005 indicating Plaintiff suffered from severe mental impairments *at the time of his last insured status.* "In order to establish entitlement to disability insurance benefits, an individual must establish that he became 'disabled' prior to the expiration of his insured status." *Moon v. Sullivan*, 923 F.2d 1175, 1182 (6th Cir. 1990). "[E]vidence of disability after that date is generally of little probative value," and is "only relevant to a disability determination where the evidence 'relates back' to the claimant's limitations prior to the date last insured." *May v. Astrue*, No. 4:10-CV-1533, 2011 WL 3490186, at *5 (N.D. Ohio June 1, 2011).

Plaintiff last met the insured status requirements of the Social Security Act on June 30, 2005 ("date last insured"). Plaintiff's only mental examination in the record prior to June 30, 2005

3

occurred in September 2000, in which Plaintiff prescribed Buspar for anxiety and depression (Tr. 151-52). Notes from this examination indicate nothing about the severity of Plaintiff's condition, and Plaintiff was still working at the time of the examination, which would circumstantially indicate any mental condition from which he was suffering was not severe enough to impact his ability to work. Because the examination notes – made five years before Plaintiff's last insured date – do not establish the severity of any mental condition, the ALJ acted properly in not speculatively relying on them to conclude Plaintiff had nonexertional limitations stemming from "severe mental impairments" at his last insured date in 2005.

Plaintiff focuses on the "inconsistencies" of a 2009 mental evaluation performed by David M. Thompson, M.A., in which Plaintiff was diagnosed with depressive disorder and a personality disorder (Tr. 145). The ALJ found these impairments were severe, but did not impose any mental limitations on his ability to work (Tr. 145). However, as indicated above, the relevant date in determining disability is the date last insured. The 2009 mental evaluation is of little to no value in assessing whether Plaintiff had disabling mental impairments in 2005. Plaintiff has not established any marked or severe mental limitation on or before June 30, 2005. Accordingly, the Court finds the ALJ did not erroneously assess Plaintiff's mental RFC, but properly determined there is not evidence in the record supporting the existence of severe, disabling mental impairments prior to June 30, 2005.

2. **The ALJ did not err in developing the record**

Plaintiff's second objection is difficult to discern, but Plaintiff appears to be objecting to the

4

Case 1:11-cv-00166   Document 29   Filed 08/14/12   Page 4 of 8   PageID #: 229

magistrate judge's "misguided"[2] conclusion that the 2009 mental evaluation performed by Thompson, or a current evaluation for that matter, cannot be used to determine the presence or severity of mental impairments prior to the date last insured. Plaintiff suggests the ALJ erred by not ordering a mental evaluation be performed to determine whether Plaintiff's present mental impairments existed at his last insured date. However, the Court agrees with the magistrate judge. A mental examination in 2009 simply cannot, without more, be relied upon to evaluate Plaintiff's mental condition in and prior to 2005. For the evidence from the 2009 evaluation to "relate back" to the date last insured, the 2009 evaluation would have to somehow indicated or been reflective of Plaintiff's "limitations prior to the date last insured, rather than merely his impairments or condition prior to this date" *May*, 2011 WL 3490186, at *5, which it was not. There is no evidence indicating the 2009 evaluation relates back to 2005 or before, nor does the 2009 evaluation even support a serious inference Plaintiff was similarly limited in 2005. In fact, if Plaintiff suffered from mental impairments prior to the date last insured, then the appropriate inference to follow is that those impairments were less than severe because Plaintiff continued to work through June 2005. Moreover, any contemporary medical evaluation attempting to assess whether Plaintiff's current mental impairments began before June 2005 – an evaluation which would not have the benefit of any pre-2005 medical notes describing Plaintiff's mental impairments save the one sparse entry from 2000 – would likely be highly speculative. But even assuming a contemporary evaluation could establish Plaintiff's mental impairments existed before June 2005, this still would not support Plaintiff's disability claim in the absence of evidence establishing the *severity* of these impairments,

---

[2]The Court addresses the language employed by Plaintiff's counsel in Plaintiff's brief objecting to the R&R in the next section.

as a diagnosis alone does not establish severity. *Foster v. Bowen*, 853 F.2d 483, 488-89 (6th Cir. 1988). It is Plaintiff's burden to establish the severity of impairments, which he has not done, nor has he shown the ALJ erred in not somehow compelling Plaintiff to obtain a contemporary medical opinion speculating as to the existence and severity of Plaintiff's mental conditions as of June 2005.

### 3. The ALJ did not err by applying the Grids

In line with the findings above, the ALJ did not err by applying the Grids.[3] Plaintiff's objection on this matter is contingent on his objection to the ALJ's finding Plaintiff did not establish severe nonexertional limitations to his ability to work. But because, as explained above, Plaintiff did not present evidence supporting the existence of severe mental impairments *prior to the date last insured* which would have established nonexertional limitations on his ability to work, the Grids could properly be used to make the final determination of disability.

## III. COURT'S ADMONITION

The Court finds it necessary to remark upon some of the language Plaintiff's counsel chose to use in his brief objection to the Magistrate's Report and Recommendation. Counsel is a member of the bar of this court and as such is an officer of the court. *In re Moncier*, 550 F. Supp. 2d 768, 769 (E.D. Tenn. 2008) ("Upon taking this oath and being approved for admission, attorneys become officers of the court. At a minimum, this oath obligates attorneys admitted to the bar of a federal

---

[3]If a claimant's RFC matches one of the defined categories of work, then the SSA may use the Medical-Vocational Rules ("Grids") to make the final determination of disability. *Templeton v. Comm'r of Soc. Sec.*, 215 F. App'x 458, 463 (6th Cir. 2007). If, however, the claimant suffers from "nonexertional" impairments, the ALJ may not exclusively rely on the Grids, but may use them only as a "framework." *Burton v. Secy's of Health & Human Servs.*, 893 F.2d 821, 822 (6th Cir. 1990).

district court to demean themselves as an attorney uprightly and according to law."); *Sahyers v. Prugh, Holiday Karatinos, P.L.*, 560 F.3d 1241, 1245 n. 4 (11th Cir. 2009) ("Membership in the bar is a privilege burdened with conditions. A lawyer is received into that ancient fellowship for something more than private gain. He becomes an officer of the court, and, like the court itself, an instrument or agency to advance the ends of justice."). As an officer of the court counsel has an obligation to strive to the highest standards of professional practice. Engaging in ad hominen attacks is not within the professional standards expected of officers of the court. *See Moncier*, 550 F. Supp. 2d at 800 n.43 ("Respondent admitted he accused opposing counsel of being involved in a conspiracy against him . . . . This is also unethical and unprofessional behavior. 'A charge of impropriety by one lawyer against another in the course of litigation should never be made except when relevant to the issues of the case . . . .' *American College of Trial Lawyers, Code of Trial Conduct*, ¶ 13(e)."). It is even less acceptable when disparaging comments are made toward one of the court's judicial officers. In his brief counsel accuses the magistrate judge of the following: "The Magistrate Judge claims the inconsistencies and errors are harmless, and recasts the decision to support her conclusion." (Court File No. 25, p. 2); "And for the Magistrate Judge to bolster her revision of the ALJ's decision by repeating and relying upon the Commissioner's assertion that Hooks relied upon Thompson's findings . . . is disingenuous at best." (*Id*. at p.4);"The Magistrate Judge claims that any medical opinion as to Hooks's onset date "more than a decade ago would likely be mere speculation," but that conclusion is misguided." (*Id*. at p. 7); "but the Magistrate Judge is not a mental-health expert and does not have the expertise to decide that such an assessment is beyond the scope of a mental-health professional." (*Id*. at p. 8).

The word disingenuous is defined as "lacking in frankness, candor, or sincerity; falsely or

7

hypocritically ingenuous; insincere." The word misguided is defined as " misled; mistaken." If Counsel honestly believes that one of the judicial officers of this court is lacking in candor and sincerity then Counsel should relinquish his membership in the bar of this court. If Counsel does not so believe, then Counsel has been reckless with the language he choose. In either event, this is not up to the standards the Court expects of attorneys practicing in this district and is uncivil, inflammatory and unprofessional. The Court instructs counsel that it is sufficient to assert the magistrate judge's reasoning is in error; it is unnecessary and improper to impugn the magistrate judge's motives or question her integrity. The Court trusts it need not say anything more on this.

## IV. CONCLUSION

The Court has considered Plaintiff's objections after its complete review of the record, and has found them without merit. Accordingly, the Court will **ACCEPT** and **ADOPT** the magistrate judge's R&R (Court File No. 24). The Court will **DENY** Plaintiff's motion for summary judgment (Court File No. 13), and will **GRANT** Defendant's motion for summary judgment (Court File No. 21). The Court will **AFFIRM** the Commissioner's decision and will **DISMISS** the case.

**An Order shall enter.**

/s/

**CURTIS L. COLLIER**

**CHIEF UNITED STATES DISTRICT JUDGE**